UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NANCY J. WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:10-CV-167 |
| v. ) | |
| ) | Collier/Lee |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Plaintiff Nancy J. Wills ("Plaintiff") brought this action on August 9, 2010, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 10) and Defendant's motion for summary judgment (Court File No. 12). The magistrate judge filed an R&R (Court File No. 14) recommending the decision of the Commissioner be affirmed, Plaintiff's motion for summary judgment be denied (Court File No. 10), Defendant's motion for summary judgment be granted (Court File No. 12), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 15). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 14).

**I.    STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection

is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

II.   **DISCUSSION**

Plaintiff's single objection to the magistrate judge's R&R is essentially a reiteration of her position on appeal from the Commissioner's final decision denying SSI benefits: the ALJ's determination Plaintiff is not disabled was not based on substantial evidence. Plaintiff does not

2

identify any particular faults in the magistrate judge's analysis, and she does not take issue with the magistrate judge's recitation of the facts. Accordingly, the Court will give only a brief synopsis of the facts.

Plaintiff filed an application for SSI on July 10, 2007, alleging a disability onset date of July 10, 2007. A hearing was held on July 9, 2009, after which the ALJ found Plaintiff was not disabled between the alleged onset date, July 10, 2007, and the date of his decision, September 21, 2009.

### A. Evidence Before the ALJ

Evidence before the ALJ included the following: Plaintiff testified she was born in 1980, completed 10th grade, and later obtained a GED. She never held a job for more than two months because she became nervous and experienced panic attacks when working around other people. Plaintiff took medication and attending counseling to help with the panic attacks. She lived with her father and two young children, and received help caring for her children from her mother and sister. Plaintiff cooked and cleaned for her children. Plaintiff described her depression, mood swings, crying, and daily activities on both good and bad days.

Plaintiff was treated for mental health at Nolachuckey Holston Area Mental Health Clinic ("NHMHC") from July 10, 2007 through June 24, 2008. A July 10, 2007 treatment note states Plaintiff was seen for difficulty sleeping, and that she reported a history of mental health treatment which was successfully treated with medication. It was noted Plaintiff had been out of her medication since May 29, 2007. Plaintiff restarted her medication, and on August 23, 2007, she reported decreased irritability, improved energy, and no depressive symptoms. On January 31, 2008, Plaintiff was seen for a routine follow-up examination, in which her interviewer described her as pleasant, cooperative, and capable of relevant and logical conversation.

On February 25, 2008, Plaintiff saw Donna Abbott, M.A., at Psychological Consulting Services, and alleged disability due to bipolar disorder, depression, and anxiety.[1] Ms. Abbott's report describes Plaintiff's affect as "somewhat depressed," and notes Plaintiff was fidgety and made sporadic eye contact. However, the report also describes Plaintiff as rational and alert, cooperative, pleasant, capable of recalling recent current events, able to follow instructions, and capable of solving practical math problems (Tr. 199). Plaintiff described a typical day as getting up, fixing her children's breakfast, playing with the children, reading, cleaning and doing laundry, and generally caring for the children (Tr. 200). Ms. Abbott diagnosed panic disorder without agoraphobia, generalized anxiety disorder, social phobia, and chronic dysthymic disorder (Tr. 201). She viewed Plaintiff as capable of attending and concentrating, at least for short periods of time, and maintaining simple routines (Tr. 201). Although Plaintiff did not currently have a license, Ms. Abbott believed Plaintiff was capable of driving short distances. Ms. Abbott believed Plaintiff was capable of setting goals and making plans to achieve them. However, she also opined Plaintiff may have difficulty maintaining regular employment due to her anxiety, panic disorder, and depression, and could have trouble adapting to change and dealing with stress.

On April 25, 2008, William Meneese, Ph.D., reviewed the record for the state agency. Dr. Meneese opined Plaintiff could understand, remember, and carry out short instructions, but would have difficulty with more complex ones. He also opined Plaintiff could maintain attention sufficiently to complete simple tasks without the need of special supervision. On May 20, 2008, Plaintiff was seen for a routine follow-up at NHMHC. Plaintiff reported compliance with

---

[1] Plaintiff refers to this as the March 15, 2008 exam, as this is apparently the date the report was written. The name of Charlton S. Stanley, Ph.D., appears on the report along with Ms. Abbott's.

4

medications, denied any side effects, and noted current stressors involving taking care of her mother and grandfather, and the incarceration of friends. On June 20, 2008, Elizabeth Mullins, a counselor at NHMHC, met with Plaintiff for an hour. During this session, Plaintiff reported some family stressors. On November 7, 2008, Rebecca P. Joslin, Ed.D., reviewed the record for the state agency and prepared a mental residual functional capacity ("RFC") assessment. Dr. Joslin opined Plaintiff could understand simple instructions, and would be able, with some difficulty, to maintain attention, concentration; but would be unable to interact with the general public.

On December 29, 2008, counselor Kelly Hensley had a session with Plaintiff to discuss family stressors. Ms. Hensley described Plaintiff as more worried and upset than usual, but stated Plaintiff was adapting well to change, and was dealing well with her problems. Ms. Hensley met with Plaintiff again on March 6, 2009, and reported Plaintiff was having an increase in her symptoms due to new family problems. On March 19, 2009, Plaintiff met with Kenneth Greenwood, M.D., for medication management. Dr. Greenwood described Plaintiff's casual, clean appearance and average eye contact. He rated her mood as fair but anxious. On May 11, 2009, Ms. Hensley rated Plaintiff's adaptation to change as "fair." On June 15, 2009, Plaintiff told Ms. Hensley she was overwhelmed with all the work her family expected from her.

At the disability hearing, a Vocational Expert ("VE") testified Plaintiff had no relevant work. The ALJ posed a hypothetical question, asking the VE to consider a person of Plaintiff's age, education, and work experience who could perform medium work that was simple, repetitive, and routine, involved no public contact, involved working with things rather than people, and avoided hazards. The VE responded such a person could perform 8,000 jobs in the region as a hand packager, sorter, assembler, inspector, and stock clerk. The ALJ's next question was similar, but

involved light work, rather than medium work. The VE testified the hypothetical person could perform 11,000 jobs in the region. Finally, the ALJ asked the VE a similar question involving sedentary work, and the VE replied there were 2,200 such jobs available in the region.

  **B.**  **Analysis**

  Based upon the evidence before him, the ALJ made several findings, corresponding to the five-step process described at 20 C.F.R. § 404.1520(a)(4)(i)-(v). First, he found Plaintiff had not engaged in substantial gainful activity since July 10, 2007, the date of her SSI application. Second, he found Plaintiff had the severe impairments of bipolar disorder, depression, anxiety, and panic disorder. Third, he found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. After the third step, the ALJ considered Plaintiff's RFC. He determined Plaintiff retained the RFC to perform medium work, except that she would be limited to simple, routine, repetitive work activity with no public contact. Fourth, the ALJ found she had no past relevant work. And fifth, the ALJ determined that, given Plaintiff's RFC, there were a significant number of medium jobs Plaintiff could perform. Consequently, the ALJ found Plaintiff was not disabled.

  Plaintiff argues the ALJ erred in assessing the severity of her mental impairments and her ability to work. Her primary contention is that the ALJ did not accord enough weight to the findings and opinions of Ms. Abbott and Dr. Stanley. If he had, Plaintiff avers, he would have determined Plaintiff was disabled. The Court is not so persuaded.

  The ALJ did, in fact, give "some weight" to the opinion of Ms. Abbott, who "indicated that, although the claimant may have some difficulty maintaining regular employment due to her anxiety and depressive symptoms, the claimant is capable of maintaining simple, routine tasks and

6

concentrating for short periods of time." (Tr. 15-16). Additionally, the ALJ noted Ms. Abbott's assessment of Plaintiff's panic disorder, generalized anxiety disorder, social phobia, dysthymic disorder, and panic attacks.

However, the ALJ gave "more weight" to the assessment of Plaintiff's regular mental health providers, who indicated Plaintiff showed improvement when she took her medications, and he afforded "great weight" to the state agency psychological consultant, who indicated Plaintiff was not significantly limited in her ability to perform most functions of daily living, though she was markedly limited in her ability to interact with the general public (Tr. 16). The Court finds the ALJ's relative weighting of the health professionals' assessments was proper. Ms. Abbott's one-time consultative examination of Plaintiff is the only report from the relevant period suggesting Plaintiff might have disabling mental impairments – though it was hardly a full-throated statement to that effect. However, other medical providers repeatedly opined Plaintiff improved while on medication, could follow simple instructions, and could maintain attention. It was not error for the ALJ to give greater weight to the several and consistent assessments of Plaintiff's mental healthcare providers and the state psychological consultant than the one-time assessment of Ms. Abbott.

At the end of the day, this Court's task is not to reweigh the evidence as if it were the ALJ, but simply to determine whether the ALJ's findings are supported by "substantial evidence." Here, they clearly are. Although Ms. Abbott's report can be plausibly viewed as supportive of a disability finding, substantial, if not preponderate, evidence supports the opposite finding. In addition to the aforementioned assessments of Plaintiff's mental healthcare providers, the Plaintiff's own description of her daily housekeeping tasks corroborated the state agency psychological consultant's opinion Plaintiff was not significantly limited in her ability to perform most functions of daily living.

7

Because there was substantial evidence supporting the ALJ's weighing of the evidence and conclusion Plaintiff was not disabled, his decision should not be disturbed.

## III. CONCLUSION

The Court has considered Plaintiff's objection after its complete review of the record, and has found it without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 14). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 10), and will **GRANT** Defendant's motion for summary judgment (Court File No. 12). The Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**